IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60971
Summary Calendar
_____

ANGEL RAMIREZ-LUGO,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 719 840
--------------------
November 6, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Angel Ramirez-Lugo ("Ramirez") has filed a petition for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen his removal proceedings.  The BIA denied the motion because it was prohibited from considering a motion to reopen or reconsider filed by an alien who has been removed from the United States.  See 8 C.F.R. § 3.2(d).

Ramirez argues that 8 C.F.R. § 3.2(d) is invalid because it was promulgated to implement the now-repealed 8 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1105a(c)(repealed 1996).  Ramirez has failed to show that the repealed statute bore any relationship to the BIA's authority to consider motions to reopen immigration proceedings.  See INS v. Doherty, 502 U.S. 314, 322 (1992).  We therefore conclude that the repeal of 8 U.S.C. § 1105a(c) did not render 8 C.F.R. § 3.2(d) invalid.

To the extent that Ramirez seeks to challenge directly the BIA's November 2000 order of removal, his petition is untimely. See 8 U.S.C. § 1252(b)(1).  Ramirez asserts that we have jurisdiction under Lara v. Trominski, 216 F.3d 487, 493 (5th Cir. 2000), because his removal constituted a gross miscarriage of justice.  His reliance on Lara is misplaced because the instant matter, unlike Lara, does not involve a 28 U.S.C. § 2241 petition.

For the foregoing reasons, Ramirez's petition for review is DENIED.